UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------X

ENRY DUQUE, on behalf of himself and others similarly situated,

                                                               *Plaintiff,*

            -against-

SITE SERVICES GROUP, INC. and BRADFORD MAY a/k/a BRAD MAY,

                                                 *Defendants,*

Case No.: 17-cv-5094

**COMPLAINT**

**COLLECTIVE ACTION UNDER 29 U.S.C. § 216(b) and RULE 23 CLASS ACTION**

------------------------------------------------------------------X

ENRY DUQUE ("Plaintiff"), by and through his attorneys, FRANK & ASSOCIATES, P.C., brings this Complaint against Defendants SITE SERVICES GROUP, INC. and BRADFORD MAY a/k/a BRAD MAY (collectively, "Defendants"), and respectfully alleges as follows:

## INTRODUCTION

1. Plaintiff alleges that Defendants violated the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. §§ 201, *et seq.*, and that he is entitled to recover from Defendants: (a) unpaid overtime compensation, (b) liquidated damages, (c) pre-judgment and post-judgment interest and (d) attorneys' fees and costs.

2. Plaintiff also alleges that he is entitled to recover, on the basis of breach of contract or unjust enrichment, unpaid prevailing wages and benefits which Plaintiff was entitled to receive for work that he performed on public work projects in Suffolk County.

3. Plaintiff further alleges that, pursuant to the New York Labor Law ("NYLL"), he is entitled to recover from Defendants: (a) unpaid overtime compensation, (b) liquidated damages

and civil penalties pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act; (c) pre-judgment and post-judgment interest; and (d) attorneys' fees and costs.

4. Additionally, Plaintiff seeks injunctive and declaratory relief, as well as monetary damages, including punitive damages based upon Defendant's violations of the New York State Human Rights Law, New York Executive Law § 290, et. seq. ("NYSHRL").

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over all federal law claims pursuant to 29 U.S.C. § 216(b), 28 U.S.C. § 1331 and supplemental jurisdiction over all state law claims pursuant to 28 U.S.C. § 1367.

6. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391 because the events or omissions giving rise to the claim for unlawful employment practices occurred in Suffolk County, New York.

## PARTIES

7. Plaintiff is a resident of the State of New York who resides in the County of Suffolk.

8. At all times relevant to the Complaint, Plaintiff was an "employee" within the meaning of 29 U.S.C. § 203(e), NYLL § 190(2) and NYSHRL § 292(6).

9. Upon information and belief, Defendant Site Services Group, Inc. ("SSG") was and still is a domestic business corporation incorporated under the laws of the State of New York with a primary place of business at 1601 Artic Avenue, Bohemia, New York 11716.

10. At all times relevant to the Complaint, SSG was an "employer" within the meaning of 29 U.S.C. § 203(d), NYLL § 190(3) and NYSHRL § 292(5).

11. Defendant Bradford May a/k/a Brad May ("May") owns and operates SSG.

12. Defendant May has the authority to direct the work of employees, hire and fire employees, determine employee compensation and make payroll decisions for Defendant SSG.

13. At all times relevant to the Complaint, Defendant May was an "employer" within the meaning of 29 U.S.C. § 203(d), NYLL § 190(3) and NYSHRL § 292(5).

14. At all times relevant to the Complaint, Defendant SSG was and is "an enterprise engaged in interstate commerce" within the meaning of the FLSA.

15. At all times relevant to the Complaint, Defendant SSG has and has had employees engaged in the commerce or in the production of goods for commerce and handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

16. At all times relevant to the Complaint, Defendant SSG has and has had annual gross volume of sales in excess of $500,000.

17. At all times relevant to the Complaint, Defendants employed more than four (4) employees within the meaning of the NYSHRL § 292(5).

## FACTUAL ALLEGATIONS

18. Plaintiff was employed by Defendants as a non-exempt landscaper from 2008 until September 25, 2016. His duties included traveling to Defendants' various job sites and cutting grass.

**Overtime**

19. Plaintiff was employed by Defendants year-round.

20. Generally, from March 15 to December 20 each year, Plaintiff worked from 5:00 AM to at least 5:00 PM, Monday through Saturday, for a total of approximately seventy-two (72) hours per week.

21. Plaintiff was paid $15.50 per hour for each hour he worked. When Plaintiff performed work for the Suffolk County Water Authority ("SCWA"), on behalf of Defendants, he was paid $16.97 per hour.

22. Although Plaintiff regularly worked overtime, approximately thirty-two (32) hours per week, he was not paid overtime for all hours that he worked over forty (40) each workweek.

23. Defendants did not provide Plaintiff with a complete, true and accurate wage statement including his hourly rate, the overtime hours he worked, his gross income, deductions from pay, additions to pay and net wages as required by law.

24. Defendants willfully disregarded and purposefully evaded record keeping requirements of the FLSA and NYLL by failing to maintain accurate records of the hours worked by and wages paid to Plaintiff.

**Prevailing Wage**

25. At all times relevant, Defendants contracted with the SCWA to provide landscaping services ("Public Works Contracts").

26. Beginning in May 2015 and continuing until Plaintiff's termination in September 2016, Plaintiff regularly performed landscape maintenance work in furtherance of Defendants' performance of the Public Work Contracts at locations across Suffolk County, including, but not limited to, Montauk, Sag Harbor, Southampton, East Hampton, Huntington, Northport, Shirley and Centereach.

27. These Public Works Contracts required Defendants to pay its employees the "prevailing rate of wages" and provide "supplemental benefits" for all hours worked on the projects. These contracts also required daily overtime payments at a rate of one and one-half times

the prevailing wage for all hours worked after eight (8) hours per day and after forty (40) hours of work in a workweek.

28. NYLL § 231 requires employees performing public work to be paid at a rate not less than the "prevailing wage." NYLL § 231 further requires employees performing public work to be provided supplemental benefits at the prevailing benefits rate.

29. Upon information and belief, the schedule of prevailing rates of wages and supplements to be paid all workers furnishing labor was annexed to and formed a part of the Public Works Contracts.

30. Upon information and belief, the prevailing wage for a landscape maintenance worker, from July 1, 2014 to June 30, 2015 in the County of Suffolk, was $14.50 per hour, with supplemental benefits amounting to $1.63 per hour, totaling $16.13 per hour.

31. Upon information and belief, the prevailing wage for a landscape maintenance worker, from July 1, 2015 to June 30, 2016 in the County of Suffolk, was $15.27 per hour, with supplemental benefits amounting to $1.70 per hour, totaling $16.97 per hour.

32. Upon information and belief, the prevailing wage for a landscape maintenance worker, from July 1, 2016 to present in the County of Suffolk, was and is $16.10 per hour, with supplemental benefits amounting to $1.75 per hour, totaling $17.85 per hour.

33. Plaintiff worked approximately fourteen (14) hours each day, from 5:00 AM to 7:00 PM, in furtherance of Defendants' performance of the Public Work Contracts.

34. The number of days per week that Plaintiff worked in furtherance of Defendants' performance of the Public Work Contracts varied between six (6) days per week and three (3) days per week.

35. Thus, the total number of hours that Plaintiff worked each week in furtherance of Defendants' performance of the Public Work Contracts varied between approximately forty-two (42) hours per week and eighty-four (84) hours per week.

36. Defendants did not comply with the requirements of their contracts with the SCWA and failed to pay Plaintiff prevailing wage and overtime for all work that he performed for the SCWA.

37. As part of its regular business practice, Defendants have intentionally, willfully and repeatedly engaged in a pattern, practice and/or policy of breaching the Public Works Contracts resulting in a loss of wages and benefits to Plaintiff.

38. Defendants' conduct violated the NYLL and constituted breach of contract and unjust enrichment.

**Unjust Enrichment**

39. On July 18, 2016, while performing work for Defendants, Plaintiff was ticketed by Southampton town officials for spraying pesticides without the proper permits.

40. Plaintiff was informed that he and the owner of Defendant SSG had to appear in court in August 2016.

41. Later on that same day, Plaintiff informed Defendant May of what occurred and Defendant May told Plaintiff that he would take care of the tickets.

42. Plaintiff went to Southampton Town Court in August 2016, but Defendant May failed to appear. As a result the court appearance was adjourned to November 13, 2016.

43. On November 13, 2016, Plaintiff went to Southampton Town Court, but, once again, Defendant May failed to appear. The appearance was adjourned again until December 12, 2016.

44. Due to Defendant May's continuing failure to appear at court, Plaintiff engaged the services of an attorney for the December 12, 2016 appearance.

45. On December 12, 2016, Defendant May finally appeared. He informed the court that he had paid off the tickets. However, because he did not have the proof of payment, the court again adjourned the appearance to February 27, 2017.

46. Plaintiff again engaged the services of an attorney for this appearance.

47. On February 27, 2017, Defendant May appeared at Southampton Town Court and provided proof of payment.

48. The case was subsequently dismissed, but Plaintiff had already spent a total of $1,500 to obtain legal counsel to defend against Defendants' obligations to pay the business-related tickets.

**Unlawful Termination**

49. In or around September 2016, Plaintiff began to experience respiratory issues and was admitted to a hospital (Brookhaven Memorial Hospital, Huntington Hospital and Southside Hospital) on three separate occasions for treatment.

50. In order to obtain treatment for his medical issues, Plaintiff requested and was granted three (3) weeks of time off from work.

51. At the conclusion of the three (3) week period, Plaintiff called Defendant May to advise that his doctor, Dr. Barry H. Balot, had cleared him to return to work.

52. Defendant May asked Plaintiff to forward a copy of the doctor's note and Plaintiff promptly did so.

53. Shortly thereafter, rather than return Plaintiff to his job, Defendant May unilaterally informed Plaintiff that there was no work for him to perform until 2017.

54. In early 2017, Plaintiff called Defendant May on several occasions about resuming his job, but Defendant May refused to answer Plaintiff's phone calls.

55. On February 15, 2017, Defendant May finally returned Plaintiff's numerous phone calls. Defendant May advised Plaintiff that he would have work for Plaintiff and he would call Plaintiff once work began in March.

56. However, Defendant May never called Plaintiff and Plaintiff never received any communication from Defendants about returning to work.

57. As a result, Plaintiff was out of work until April 3, 2017.

## COLLECTIVE ACTION CLAIMS

58. Plaintiff brings his FLSA claim as a collective action, pursuant to 29 U.S.C. § 216(b), on behalf of all similarly situated non-exempt persons who are or were employed by Defendants within three years from the filing of this Complaint ("FLSA Collective").

59. At all relevant times, Plaintiff, and other members of the FLSA Collective, have had substantially similar job requirements and pay provisions.

60. At all relevant times, Plaintiff and other members of the FLSA Collective, have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay them at least one and one-half times their regular rate for every hour of work in excess of forty (40) hours per workweek.

61. The claims of Plaintiff stated herein are similar to those of the Defendants' other employees.

62. The FLSA Collective is readily identifiable and locatable through the use of Defendants' records. The FLSA Collective should be notified of and allowed to opt-in to this action pursuant to 29 U.S.C. § 216(b). Unless the Court promptly issues such a notice the FLSA

Collective, who have been unlawfully deprived of minimum wage and overtime pay in violation of the FLSA, will be unable to secure compensation to which they are entitled, and which has been unlawfully withheld by Defendants.

## CLASS ACTION ALLEGATIONS

63.     Plaintiff brings his NYLL claim and prevailing wage claims as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of all similarly situated non-exempt employees of Defendants who were: (1) not paid prevailing wage for all hours worked on the Public Work Contracts, (2) not paid overtime for all hours worked in excess of forty (40) each workweek and (3) not given accurate wage statements.

64.     Plaintiff is a member of the Class he seeks to represent.

65.     Plaintiff reserves the right to amend the Class definition based on discovery.

**Efficiency of Class Prosecution of Class Claims**

66.     Upon information and belief, there are many current and former employees who are similarly situated to Plaintiff, who have been underpaid in violation of the FLSA and NYLL. The named Plaintiff is a representative of those other workers and is acting on behalf of the Defendants' current and former employees' interests as well as her own interest in bringing this action.

67.     Certification of this class is the most efficient and economical means of resolving questions of law and fact that are common to Plaintiff and members of the proposed class.

68.     Plaintiff's individual claims and their resolution will resolve the common questions of the proposed class.

69.     A class action is superior to other available methods for the fair and efficient adjudication of this litigation, particularly in the context of a wage and hour litigation like the

present action, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the unnecessary duplication of the efforts and expense that numerous individual actions would engender. The adjudication of individual litigation claims would result in a great expenditure of court and public resources. However, treating the claims as a class action would result in a significant savings of these costs. The members of the Rule 23 Class have been damaged and are entitled to recovery as a result of Defendants' common and uniform policies, practices and procedures. Although the relative damages suffered by the individual Rule 23 Class are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation. Additionally, class treatment is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

**Numerosity and Impracticability of Joinder**

70. The persons in the Rule 23 Class identified above are so numerous that joinder of all members is impracticable.

71. The Rule 23 Class Members are readily ascertainable. For the purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants.

72. Unless the Court promptly issues such notice, persons similarly situated to Plaintiff, who have been unlawfully deprived of overtime pay in violation of the FLSA and NYLL and additionally deprived of prevailing wages, will be unable to secure compensation to which they are entitled, and which has been unlawfully withheld from them by Defendants.

73. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing those risks.

**Common Questions of Law and Fact**

74. The adjudication of Plaintiff's claims will directly result in the adjudication of numerous questions of law and fact common to the members of the proposed class.

75. These common issues include, but are not limited to: (a) whether Defendants unlawfully failed to pay proper overtime compensation for hours worked in excess of forty (40) per week in violation of and within the meaning of the FLSA and NYLL; (b) whether Defendants unlawfully failed to pay prevailing wages for all hours worked on the Public Work Contracts; (c) whether Defendants have failed to keep true and accurate time records for all hours worked by Plaintiff and the Rule 23 Class; (d) the nature and extent of the Rule 23 Class-wide injury and the appropriate measure of damages for the class; and (e) whether Defendants' general practice of failing and/or refusing to pay Plaintiff and the Rule 23 Class proper compensation was done willfully or with reckless disregard of the federal and state wage and hour laws.

76. The policies, procedures, and practices implemented by Defendants were applied to all members of the proposed class.

77. The claims of Plaintiff are typical of the claims of the Rule 23 Class he seeks to represent. Plaintiffs' claims are typical of those claims which could be alleged by any member of the Rule 23 Class, and the relief sought is typical of the relief which would be sought by each member of the proposed class in separate actions.

78. Plaintiff seeks the following relief for his individual claims and for the claims of the proposed class: (1) unpaid overtime wages for all hours worked in excess of forty (40) per week at a rate of one and one-half times his regular rate of pay; (2) an equal amount of liquidated damages; (3) unpaid prevailing wages and (4) damages for Defendants' failure to provide proper and accurate notice of Plaintiff's pay rate.

**Adequacy of Representation**

79. Plaintiff's interests are akin to those of the members of the proposed class.

80. Plaintiff is willing and able to represent the members of the proposed class and will fairly and adequately represent and protect the interest of the Rule 23 Class.

81. Plaintiff has retained counsel competent and experienced in complex class actions in labor and employment litigation for over fifty (50) years. Plaintiff's counsel can competently litigate the individual and class claims sufficiently to satisfy Rule 23(a)(4) of the Federal Rules of Civil Procedure.

**FIRST CAUSE OF ACTION**
**Failure to Pay Overtime in Violation of the FLSA**
**(On Behalf of Plaintiff and the FLSA Collective)**

82. Plaintiff hereby repeats and re-alleges each and every allegation in the preceding paragraphs as if set forth fully herein.

83. Defendants required Plaintiff and other similarly situated employees to work in excess of forty (40) hours each week and willfully failed to compensate Plaintiff and other similarly situated employees for the time worked in excess of forty (40) hours each week at a rate of at least one and one-half times the greater of their regular hourly rate or the minimum wage in violation of the FLSA.

84. Defendants willfully violated the FLSA by knowingly and intentionally failing to pay Plaintiff and other similarly situated employees overtime wages.

85. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies pursuant to 29 U.S.C. § 255.

86. As a result of Defendants' willful and unlawful failure to pay Plaintiff and other similarly situated employees overtime wages, Plaintiff and other similarly situated employees are entitled to recover their unpaid overtime wages, liquidated damages, attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

**SECOND CAUSE OF ACTION**
**Breach of Contract on Behalf of Plaintiff as Third-Party Beneficiary**
**(On Behalf of Plaintiff and the Rule 23 Class)**

87. Plaintiff hereby repeats and re-alleges each and every allegation in the preceding paragraphs as if set forth fully herein.

88. Defendants entered into contract(s) with the Suffolk County Water Authority ("Public Work Contracts") to perform landscaping work for which Plaintiff and the Rule 23 Class Members provided labor.

89. Defendants agreed as part of such contracts and/or as a matter of law were required by such contracts to pay Plaintiff and the Rule 23 Class a "prevailing wage" which was specified in such contracts or was incorporated by reference in such contracts.

90. Upon information and belief, the Public Work Contracts entered into by Defendants contained schedules of the prevailing rates of wages and supplemental benefits to be paid Plaintiff and the Rule 23 Class.

91. Those prevailing rates of wages and supplemental benefits were made a part of the Public Work Contracts for the benefit of Plaintiff and the Rule 23 Class.

92. Plaintiff and the Rule 23 Class members were third-party beneficiaries of the Public Work Contracts entered into by Defendants.

93. Plaintiff and the Rule 23 Class fully performed all project obligations under the Public Work Contracts.

94. Defendants willfully or with reckless disregard breached the Public Work Contracts by failing to pay Plaintiff and the Rule 23 Class the prevailing wage for all labor performed upon the Public Work Projects, and by failing to provide Plaintiff and the Rule 23 Class the monies that they were due as a third-party beneficiary of the contracts.

95. Defendants are liable to Plaintiff and the Rule 23 Class for damages based upon an accounting of the wages Plaintiff and the Rule 23 Class were paid and the wages they were entitled to be paid as third-party beneficiaries of the contracts, plus pre-judgment and post-judgment interest upon those sums.

**THIRD CAUSE OF ACTION**
**Unjust Enrichment**
**(On Behalf of Plaintiff and the Rule 23 Class)**

96. Plaintiff hereby repeats and re-alleges each and every allegation in the preceding paragraphs as if set forth fully herein.

97. Plaintiff and the Rule 23 Class have performed a significant amount of work for which they have not been paid.

98. Upon information and belief, when Defendants entered into the Public Works Contracts, Defendants agreed to pay the required prevailing wage and supplemental benefit rate.

99. Upon information and belief, Defendants billed for their labor at the higher prevailing wage rate which they had no intention of paying to its employees and which, in fact, they did not pay.

100. Defendants have been unjustly enriched at Plaintiff's expense and the Rule 23 Class' expense by failing to pay them prevailing wages for services rendered by Plaintiff and the Rule 23 Class in furtherance of the Public Works Contracts.

101. Defendants are liable to Plaintiff and the Rule 23 Class for damages based upon an accounting of the wages Plaintiff and the Rule 23 Class were paid and the wages they were entitled to be paid, plus pre-judgment and post-judgment interest upon those sums.

## FOURTH CAUSE OF ACTION
### Failure to Pay Overtime in Violation of the NYLL
### (On Behalf of Plaintiff and the Rule 23 Class)

102. Plaintiff hereby repeats and re-alleges each and every allegation in the preceding paragraphs as if set forth fully herein.

103. Defendants required Plaintiff and the Rule 23 Class to work in excess of forty (40) hours each week and willfully failed to compensate Plaintiff and the Rule 23 Class for the portion of the time worked in excess of forty (40) hours each week at a rate of at least one and one-half times his regular hourly rate in violation of the NYLL.

104. Defendants willfully violated the NYLL by knowingly and intentionally failing to pay Plaintiff and the Rule 23 Class overtime wages.

105. Due to Defendants' violation of the NYLL, Plaintiff and the Rule 23 Class are entitled to recover from Defendants their unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of this action, and pre-judgment and post-judgment interest.

## FIFTH CAUSE OF ACTION
### Failure to Provide Accurate Wage Statements in Violation of NYLL § 195(3)
### (On Behalf of Plaintiff and the Rule 23 Class)

106. Plaintiff hereby repeats and re-alleges each and every allegation in the preceding paragraphs as if set forth fully herein.

107. Defendants failed to provide Plaintiff and the Rule 23 Class with an accurate statement of, *inter alia*, their regular rate of pay, their overtime rate of pay, their hours worked, their regular payday, the name, address and telephone number of the employer, and other information required by NYLL §195(3).

108. Defendants violations of the NYLL and its supporting regulations entitle Plaintiff and the Rule 23 Class to recover damages of $250 per work day, up to a maximum of $5,000, and attorneys' fees and costs.

## SIXTH CAUSE OF ACTION
### Unjust Enrichment
### (On Behalf of Plaintiff Individually)

109. Plaintiff hereby repeats and re-alleges each and every allegation in the preceding paragraphs as if set forth fully herein.

110. Plaintiff employed, at his own expense, an attorney to defend against tickets that were properly chargeable against Defendants.

111. As a result of Plaintiff's conduct, Defendants gained the benefit of legal counsel at Plaintiff's expense.

112. As a result of Defendants' conduct, Defendants have retained substantial benefits and have been unjustly enriched, entitling Plaintiff to an award of monetary damages and other relief.

## SEVENTH CAUSE OF ACTION
### Disability Discrimination in Violation of the NYSHRL
### (On Behalf of Plaintiff Individually)

113. Plaintiff hereby repeats and re-alleges each and every allegation in the preceding paragraphs as if set forth fully herein.

114. Plaintiff had a disability as defined by NYSHRL § 292 (21) and notified Defendants of his disability.

115. Notwithstanding Plaintiff's physical disability, Plaintiff was able and willing to perform the essential functions of his previously held position.

116. Defendants discriminated against Plaintiff on the basis of his actual or perceived disability in violation of NYSHRL § 296, by Defendant engaging in a course of conduct which included wrongfully terminating Plaintiff's employment because of his disability or perceived disability all the while giving Plaintiff pre-textual or untrue reasons for the termination.

117. The temporal proximity between the Plaintiff's return from medical leave and the date Defendant terminated raises an inference of discrimination.

118. As a proximate result of Defendants' willfully discriminatory actions, Plaintiff suffered and continues to suffer substantial loss of earnings, and other related employment benefits he enjoyed while employed.

119. The conduct of Defendants was done in conscious disregard of Plaintiff's rights. Therefore, Plaintiff is entitled to equitable and injunctive relief and in an award of compensatory damages in an amount to be determined at trial.

120. Defendants willfully violated Plaintiff's rights; therefore, punitive damages should be awarded to deter similar unlawful acts by Defendants.

### EIGHTH CAUSE OF ACTION
### Failure to Accommodate Disability in Violation of the NYSHRL
### (On Behalf of Plaintiff Individually)

121. Plaintiff hereby repeats and re-alleges each and every allegation in the preceding paragraphs as if set forth fully herein.

122.   In violation of the NYSHRL, Defendants intentionally discriminated against Plaintiff by refusing to make reasonable accommodation for his disability.

123.   Defendants failed to engage in any interactive process to accommodate Plaintiff's known disability.

124.   If provided with a reasonable amount of time to recover, Plaintiff could have returned to his normal duties.

125.   Such accommodation would not create an undue hardship on Defendants, nonetheless, Defendants terminated Plaintiff.

126.   By failing to engage in the interactive process, Defendants violated Plaintiff's statutory rights under NYSHRL § 296.

127.   As a direct and proximate cause of Defendants' discriminatory actions, Plaintiff is entitled to an award of past and future lost wages and benefits, past and future physical and emotional distress, the costs of bringing this action and other compensatory damages.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that the Court enter judgment in his favor and against Defendants, containing the following relief:

A. Unpaid prevailing wages and supplemental benefits;

B. Unpaid overtime wages, and an additional equal amount as liquidated damages, plus interest at the statutory compounded rate of 9% per annum pursuant to New York Labor Law;

C. An award of civil penalties as a result of Defendants' violation of the New York Labor Law's notice provisions pursuant to NYLL 198(1-d);

D. An award of damages representing Defendants' unlawfully retained benefits for the use of Plaintiff's attorney;

E. Issuance of a declaratory judgment that the practices complained of in this complaint are unlawful under New York Labor Law, New York Human Rights Law and common law;

F. Awarding Plaintiff back pay;

G. Awarding Plaintiff front pay until reinstatement or he obtains substantially equivalent employment;

H. Awarding Plaintiff compensatory damages for emotional distress;

I. Awarding Plaintiff punitive damages in an amount of at least $1,000,000;

J. All reasonable attorneys' fees and costs incurred in prosecuting these claims; and

K. Such other relief as this Court deems just and proper.

Dated: August 28, 2017  
       Farmingdale, New York

**FRANK & ASSOCIATES, P.C.**

_____  
Neil M. Frank, Esq.  
500 Bi-County Blvd., Suite 465  
Farmingdale, New York 11735  
Tel: (631) 756-0400  
Fax: (631) 756-0547  
NFrank@laborlaws.com

*Attorneys for Plaintiff*