

Neil M. Frank, Esq.
Patricia L. Boland, Esq.

Joseph A. Myers, Esq. +
Matthew J. Farnworth, Esq.
Jennifer Calamia, Esq.

+ *Admitted in N.Y., D.C., & V.A.*

December 13, 2018

**VIA ECF**
The Honorable Arthur D. Spatt
United States District Judge
United States Federal Courthouse
100 Federal Plaza, Courtroom 830
Central Islip, New York 11722

      **Re: Duque v. Site Services Group, Inc., et al.**
        **Case No.: 17-cv-5094 (ADS)(AYS)**

Dear Judge Spatt:

  This firm represents the Plaintiff in the above referenced matter. We are pleased to inform the Court that the parties have reached a settlement in this matter. We now write, jointly with Defendants, to explain why the enclosed settlement is fair and reasonable under *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015) and *Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332 (S.D.N.Y. 2012) and to present the settlement agreement for the Court's approval.

  The purpose of the settlement is to resolve Plaintiff's Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") claims premised upon unpaid overtime wages, and NYLL § 195.[1] Without admitting that any wages or overtime amounts were improperly calculated or withheld from Plaintiff, Defendants agree to settle on the terms and conditions set forth in the attached settlement agreement to avoid the further burden, expense, and uncertainty of litigation.

**A. The *Wolinsky* Factors**

  The settlement figure is $80,000. This number was the product of negotiation between experienced wage and hour litigators on both sides, including an in-person meeting between counsel for both parties, which laid the initial groundwork for the eventual settlement. Moreover, the settlement was reached after more than six (6) months of litigation, during which the parties exchanged significant and meaningful paper discovery. Further, "if the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved."

---

[1] This includes Plaintiff's breach of contract and unjust enrichment claims based on Plaintiff's allegations that Defendants failed to pay him prevailing wage. Plaintiff's remaining unjust enrichment claim, unrelated to any wage claim, and his disability discrimination claims are resolved by a separate settlement agreement, which does not require Court approval. *See Chowdury v. Brioni America, Inc.*, No. 16-cv-344, 2017 WL 5953171, at *5 (S.D.N.Y. Nov. 11, 2017) (collecting cases). If and when the Court approves the settlement agreement that is the subject of this letter, the parties will file the stipulation of dismissal discontinuing those claims.

*Kochilas v. Nt'l Merchant Servs., Inc.*, No. 14-cv-00311, 2015 WL 5821631, at *7 (E.D.N.Y. Oct. 2, 2015).

Based on his allegations in this action, Plaintiff calculates his maximum recovery on his wage claims to be approximately $170,000. However, Defendants have produced records, which if accepted, would result in little to no recovery for Plaintiff. While Plaintiff disputes the accuracy of these records, given the range of outcomes and the potential risk of further litigation, the parties believe that the settlement, in the amount of $80,000, is a fair compromise of Plaintiff's wage claims. *See Reyes v. Buddha-Bar NYC*, No. 08-cv-02494, 2009 WL 5841177, at *3 (S.D.N.Y. May 28, 2009) (approving FLSA settlement and noting that "the value of an immediate recovery outweighs the mere possibility of further relief after protracted and expensive litigation").

As to attorneys' fees, Plaintiff's counsel will receive $22,000. This represents only 27.5% of the settlement amount and is thus significantly less than the customary contingency fee of 33.3% plus costs. Therefore, it is respectfully submitted. that the amount of attorneys' fees is also fair and reasonable.

**B. The *Cheeks* Factors**

With respect to the *Cheeks* analysis, the language restricted by that decision is not present in the settlement agreement submitted for the Court's approval. Thus, the parties respectfully request that the Court approve the settlement agreement.

We thank the Court for its time and consideration in this matter.

Respectfully submitted,                    Respectfully submitted,

    /s/Joseph A. Myers                        /s/Jasmine Y. Patel
Joseph A. Myers, Esq.                      Jasmine Y. Patel, Esq.
**FRANK & BOLAND, P.C.**                   **FRANKLIN, GRINGER & COHEN, P.C.**
*Attorneys for Plaintiff*                  *Attorneys for Defendants*